UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60509-CIV-COHN/SELTZER

MYRNA PINTO,

    Plaintiff,

v.

MICROSOFT CORPORATION,
a foreign corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

**THIS CAUSE** is before the Court on Defendant Microsoft Corporation's Motion for Judgment on the Pleadings [DE 36] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's Response [DE 42] ("Response), Defendant's Reply [DE 45], the record in the case, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Myrna Pinto ("Plaintiff") commenced this action on January 30, 2012. Complaint, Exhibit A to the Notice of Removal [DE 1]. Defendant Microsoft Corporation ("Defendant") removed this action to this Court on March 20, 2012. Notice of Removal [DE 1]. In the Complaint, Plaintiff contends that she was hired by Defendant in June 2001 and received glowing performance reviews through fiscal year 2008. See Compl. ¶¶ 5-8. In June 2009, Plaintiff attended a meeting with the Broward Sheriff's Office ("BSO") wherein her manager Steven D. Halliwell ("Halliwell") presented the BSO with a false letter that stated that the BSO had violated certain licensing agreements. Id. ¶ 11.

Plaintiff contends that this letter was intended to induce BSO to purchase a large quantity of software before the end of Defendant's fiscal year.  Id.  After this meeting, Plaintiff objected to Halliwell's conduct.  Id. ¶ 12.  Shortly thereafter, Plaintiff received a performance evaluation for fiscal year 2009 which categorized her as "underperforming."  Id. ¶ 13.  In or around November 2009, Plaintiff again objected to Halliwell's "unethical and illegal business practice[s]" with employees from the City of Miami.  Id. ¶¶ 18, 20.

After this second incident, Plaintiff reported Halliwell's conduct to Defendant's Office of Legal Compliance and Financial Integrity Unit.  Id. ¶ 21.  Plaintiff alleges that after she made these complaints, her work environment became increasingly hostile and that she was subject to retaliatory actions.  Id. ¶ 25.  During a September 13, 2011 regional sales meeting, Plaintiff listened to a speaker describe  "creative licensing" techniques which could be used to defraud governmental clients into believing they had purchased valid licenses.  Id. ¶ 28.  At the meeting, Plaintiff publicly objected to this practice and refused to participate in it.  Id. ¶ 30.  The very next day, Plaintiff received another performance evaluation where she was deemed "underperforming" and was immediately fired and removed from the building.  Id. ¶ 31.

The Complaint brings a single claim against Defendant for violation of the Florida Whistleblower Protection Act, Fla. Stat. §§ 448.101-448.105 ("WPA").  Id. ¶¶ 33-37.  Plaintiff contends that she was fired solely for engaging in conduct protected by the WPA.  Id. ¶ 35.  Defendant has now filed the instant Motion which seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that Plaintiff fails to state a claim.  Plaintiff opposes the Motion.

II. DISCUSSION

**A. Legal Standard.**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

A court shall grant a motion to dismiss for failure to state a claim on which relief may be granted where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual

allegations.  Id.  Accordingly, a well pleaded complaint will survive "even if it appears 'that a recovery is very remote and unlikely.'" Id. at 556 (quotation omitted).

### B. Plaintiff's Complaint Fails to State a Claim Under the WPA.

Defendant moves for judgment on the pleadings because Plaintiff "fails to identify any law, rule, or regulation enacted by a legislative or administrative forum that Microsoft's alleged conduct violated, and therefore fails to give Microsoft fair notice of what her claim is and the grounds upon which it is based." Motion at 1.  Defendant seeks dismissal of the Complaint with prejudice.  Id. at 2.   In opposition, Plaintiff contends that she "more than adequately alleges conduct that was (and is) violative of laws, rules and regulations as defined by the WPA."  Response at 2.  Plaintiff also contests that she is not required "to recite the exact violations objected to at the initial pleading stage." Id. at 2-3.

Florida Statutes § 448.102 provides that:

> An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer ***that is in violation of a law, rule, or regulation***. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged ***violation of a law, rule, or regulation*** by the employer.

4

> (3) Objected to, or refused to participate in, any activity,
> policy, or practice of the employer *which is in violation of a
> law, rule, or regulation*.

Fla. Stat. § 448.102 (emphasis added).  The statute defines "[l]aw, rule, or regulation" as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business."  Fla. Stat. § 448.101(4).  To establish a prima facie case under the WPA, the Plaintiff must establish "1) that she objected to or refused to participate in any illegal activity, policy or practice of Defendant; 2) she suffered an adverse employment action; and 3) the adverse employment action was causally linked to her objection or refusal."  Gleason v. Roche Labs., Inc., 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010).

Here, Defendant contends that it is entitled to judgment on the pleadings because Plaintiff has failed to "identify any specific enacted law, statute, ordinance, regulation or administrative rule that was allegedly violated by Microsoft."  Motion at 9.  Plaintiff, on the other hand, asserts that she need not cite to specific laws to establish a prima facie WPA claim.  Response at 6.  Thus, the Court must determine whether Plaintiff is required to specifically cite laws, rules or regulations that has been violated in her Complaint to state a claim under the WPA.  Upon review of the Complaint and the relevant statutory language, the Court agrees with Defendant, that as currently plead, Plaintiff fails to state a WPA claim.

In order to state a WPA claim, the Plaintiff must refer to specific laws, rules or regulations which Defendant violated.  In El Toro Exterminator of Fla. v. Cermada, the Third District Court of Appeal described a plaintiff's failure to cite to specific statutes in

5

his complaint as "technical deficiencies." 953 So. 2d 616, 618 (Fla. Dist. Ct. App. 2007). In Ceramada, the appeals court affirmed both the trial court's denial of defendant's motion for directed verdict and its decision to permit the plaintiff to amend his pleadings to conform to the evidence adduced at trial. Id. If citation to specific laws or regulations were not necessary under the statute, the trial court would not have required the plaintiff to amend his pleadings to conform to the evidence presented at trial. Accordingly, the Court finds that Plaintiff's complaint, which fails to cite to any specific violation of law, rule, or regulation, currently fails to state a claim.

### C. Plaintiff Should be Granted Leave to Amend.

Although the Court finds that the Complaint, as presently pleaded, is deficient, the Court disagrees that dismissal with prejudice is warranted. Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). Generally, "a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). "Although the rule is typically applied after a court grants a Rule 12(b)(6) motion to dismiss when a plaintiff fails to state a claim upon which relief can be granted, . . . courts also apply the rule in the context of a 12(c) motion for judgment on the pleadings. Williams v. Monroe Cnty. Bd. of Educ., No. 07-0561-CG-B, 2009 WL 1767658, at *5 -6  (S.D. Ala. June 23, 2009) (citing Spitsyn v. Morgan, 160 Fed. Appx. 593, 594 (9th Cir. 2005) ("Before entering judgment based on an inadequate pro se complaint, a district court should briefly explain the deficiencies of the complaint to the pro se litigant and provide leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be

6

cured by amendment."); Canty v. Wackenhut Corr. Corp., 255 F. Supp. 2d 113,117-18 (E.D.N.Y. 2003) (dismissing certain claims "without prejudice" pursuant to a Rule 12(c) motion and allowing pro se plaintiff leave to amend); United States ex rel. Bledsoe v. Cmty. Health Sys., 342 F.3d 634, 644-45 (6th Cir. 2003) (district court abused its discretion when it did not allow plaintiff leave to amend complaint after court granted Rule 12(c) motion); United States ex rel. Goldstein v. Fabricare Draperies, Inc., 84 Fed. Appx. 341, 343 (4th Cir. 2004) (district court granted leave to amend complaint in an order granting Rule 12(c) motion)).

Here, Plaintiff's failure to include citations to laws, rules, or regulation is a mere technical deficiency. Given that discovery is still ongoing and the Complaint describes the underlying conduct Plaintiff contends is illegal, the Court finds that Defendant would not be prejudiced if the Court grants Plaintiff leave to amend. Indeed, in Cernada, the court found there was no prejudice to the defendant when it allowed the plaintiff to amend its pleadings to conform to the evidence adduced at trial. 953 So. 2d at 618. Moreover, Defendant acknowledges that "the Court may provide leave to amend to assert specific violations of a 'law, rule, or regulation' within the meaning of the WPA." Motion at 10. Thus, the Court will grant the Motion and dismiss the Complaint, but rather than enter judgment in Defendant's favor will give Plaintiff leave to amend.[1]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[1] Plaintiff should be able to amend her Complaint relatively easily. In her Response, Plaintiff included her response to an interrogatory propounded by the Defendant which lists laws, rules, and regulations Plaintiff contends Defendant violated. See Response at 7 n.1.

1. Defendant Microsoft Corporation's Motion for Judgment on the Pleadings [DE 36] is **GRANTED**;

2. Plaintiff's Complaint [DE 1] is hereby **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff may file an Amended Complaint on or before October 5, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF.