UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60509-CIV-COHN/SELTZER

MYRNA PINTO,

    Plaintiff,

v.

MICROSOFT CORPORATION,
a foreign corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court on Defendant Microsoft Corporation's Motion for a More Definite Statement [DE 71] ("Motion").  The Court has carefully reviewed the Motion, Plaintiff's Response [DE 72] ("Response), Defendant's Reply [DE 73] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Myrna Pinto ("Plaintiff") commenced this action on January 30, 2012.  Complaint, Exhibit A to the Notice of Removal [DE 1].  Defendant Microsoft Corporation ("Defendant") removed this action to this Court on March 20, 2012.  Notice of Removal [DE 1].   Plaintiff contends that she was hired by Defendant in June 2001 and received glowing performance reviews through fiscal year 2008.  See Am. Compl. [DE 61] ¶¶ 5-8.  In June 2009, Plaintiff attended a meeting with the Broward Sheriff's Office ("BSO") wherein her manager Steven D. Halliwell ("Halliwell") presented the BSO with a false letter that stated that the BSO had violated certain licensing agreements.  Id. ¶ 11.  Plaintiff contends that this letter was intended to induce the BSO to purchase a large

quantity of software before the end of Defendant's fiscal year.  Id.  After this meeting, Plaintiff objected to Halliwell's conduct.  Id. ¶ 12.  Shortly thereafter, Plaintiff received a performance evaluation for fiscal year 2009 which categorized her as "underperforming."  Id. ¶ 14.  In or around November 2009, Plaintiff again objected to Halliwell's "unethical and illegal business practice[s]" with employees from the City of Miami.  Id. ¶ 20.

After this second incident, Plaintiff reported Halliwell's conduct to Defendant's Office of Legal Compliance and Financial Integrity Unit.  Id. ¶ 21.  Plaintiff alleges that after she made these complaints, her work environment became increasingly hostile and that she was subject to retaliatory actions.  Id. ¶ 25.  During a September 13, 2011 regional sales meeting, Plaintiff listened to a speaker describe "creative licensing" techniques which could be used to defraud governmental clients into believing they had purchased valid licenses.  Id. ¶ 28.  At the meeting, Plaintiff publicly objected to this practice and refused to participate in it.  Id. ¶ 30.  The very next day, Plaintiff received another performance evaluation where she was deemed "underperforming" and was immediately fired and removed from the building.  Id. ¶ 31.

The Complaint brings a single claim against Defendant for violation of the Florida Whistleblower Protection Act, Fla. Stat. §§ 448.101-448.105 ("WPA").  Id. ¶¶ 33-38.  After initially filing an answer to the Complaint, on August 24, 2012, Defendant filed a motion for judgment on the pleadings.  See DE 36.  The basis for this motion was that Plaintiff failed to state a claim because she failed to identify any law, rule or regulation enacted by a legislative or administrative forum that Defendant's alleged conduct violated.  The Court agreed with Defendant that Plaintiff's original complaint failed to

state a claim under the WPA.  See Order Granting Motion for Judgment on the Pleadings and Dismissing Complaint with Leave to Amend [DE 56] at 5.  Relying upon Florida case law, the Court held that in order to state a WPA claim, Plaintiff had to cite to specific laws, rules, or regulations Defendant's conduct violated.  Id. at 6.  The Court dismissed the Complaint with leave to amend, however, because failure to cite to actual laws, rules, or regulations was a technical deficiency.  Id. at 7.

On October 5, 2012, Plaintiff filed an Amended Complaint.  The Amended Complaint added a single paragraph which listed 10 laws, rules, or regulations Plaintiff alleged Defendant violated.  Am. Compl. ¶ 36.  Defendant has now filed the instant Motion which seeks a more definite statement because "Plaintiff does not give Microsoft sufficient notice of what conduct allegedly violated each law, rule or regulation to enable it to mount a defense."  Motion at 1.  Plaintiff opposes the Motion, arguing that "[i]t is simply disingenuous for Defendant to still claim an inability to know of the claims it must defend."  Response at 3.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]."  Ramirez v. FBI, No. 8:10-cv-1819-T-23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (quoting Sun Co., Inc. (R &M) v. Badger Design & Constr., Inc., 939 F. Supp. 365, 368 (E.D. Pa.1996) (internal quotation marks

omitted)).  Such a motion "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."  Id. (quoting Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla.1996) (internal quotation marks omitted)).

The heart of Plaintiff's WPA claim is that certain conduct Defendant engaged in violated laws, rules, or regulations and that she was retaliated against for objecting to or refusing to participate in such illegal conduct.  See Gleason v. Roche Labs., Inc., 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010).  When the Court granted Plaintiff leave to amend her Complaint to include specific laws, rules or regulations that she alleged that Defendant's conduct violated, the Court did not envision that Plaintiff would add a single paragraph which listed such laws, rules, and regulations en masse.  Instead, the Court believed that Plaintiff would amend the Complaint to indicate which specific law, rule, or regulation each factual allegation described violated.  Thus, the Court disagrees with Plaintiff's contention that she complied with this Court's order by adding a laundry list of rules, laws, or regulations.  See Response at 2.

Although Plaintiff is correct that motions for more definite statement are disfavored, the Court finds that a more definite statement is warranted here.  Plaintiff's Amended Complaint fails to link the laws, rules, or regulations listed in paragraph 36 with the conduct described in the remainder of the Amended Complaint.  The Court agrees with Defendant that, as currently drafted, Defendant would "be required to demonstrate that each activity, policy, or practice allegedly objected to (over a period of more than two years) did not constitute a violation of not one, but ten different laws, rules, and regulations, and all of their subparts."  Reply at 3.  The Court also agrees

4

with Defendant that Plaintiff's Amended Complaint resembles a shot gun pleading in that Plaintiff fails to specify which factual allegations support each alleged violation of law, rule, or regulation.  The Eleventh Circuit has held that a complaint which "lumps multiple claims together in one count and, moreover, appears to support a specific, discrete claim with allegations that are immaterial to that claim" is a shot gun pleading. Ledford v. Peeples, 657 F.3d 1222, 1239 (11th Cir. 2011).  A more definite statement should be granted when the complaint "incorporate[s] by reference all previous allegations and counts, [and] the district court must cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim." Id.  Because Plaintiff has failed to identify which allegations support each claimed violation of law, rule, or regulation, the Court will grant the Motion and require Plaintiff to file a second amended complaint.  The second amended complaint must specifically identify which conduct described in the second amended complaint supports each violation of law, rule, or regulation that Plaintiff alleges Defendant committed.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Microsoft Corporation's Motion for a More Definite Statement [DE 71] is **GRANTED**.  Plaintiff shall file a Second Amended Complaint which complies with this order on or before December 10, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of November, 2012.

5

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF.